UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM DAVIS, )<br>)<br>Defendant, )<br>and )<br>)<br>ILLINOIS MUNICIPAL RETIREMENT )<br>FUND, )<br>)<br>Third Party Citation Respondent. ) | **FILED**<br>JUN 2 0 2005 NF<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>No. 02 CR 579-1<br><br>Judge Ruben Castillo |

## AMENDED ANSWER OF THIRD PARTY CITATION RESPONDENT

I, __MICHAEL B. WEINSTEIN__, the __ASSOCIATE GENERAL COUNSEL__ of Respondent, __ILLINOIS MUNICIPAL RETIREMENT FUND__,
    (name)                            (title)
state under penalty of perjury as follows:

The Respondent is a __government agency__ organized under the laws of the State of __Illinois__.
(sole proprietorship, partnership, corporation, government agency)

On _____, Respondent was served with the Third Party Citation to Discover Assets. With respect to the judgment debtor, William Davis, on the day Respondent was served with the Citation, Respondent had in its possession or control the following property of the judgment debtor:

1. Respondent __NEVER EMPLOYED__ the Defendant.[1]
   (employs - employed - never employed)

   If no longer employed, the last day of employment was _____.
   State defendant's current employer, if known: _____

2. Defendant's pay period is ___ weekly, ___ bi-weekly, ___ semi-monthly, ___ monthly.

   Enter date present pay period began _____ and date it ends _____.
   (Present means the pay period in which the Citation was served).

3. Calculate wages subject to garnishment:

   (A) Gross wages (minus mandatory contributions to pension/retirement plans):  (A)$_____

   **METHOD I**

   (B) 15% OF (A)=                                                                (B)$_____

---

[1] If the defendant was employed by the Respondent, but not as of the date the Respondent received the Citation to Discover Assets, answer questions 1, 5 and 6 as of the date the Respondent received the Citation.

**METHOD II** (Calculate Method II ONLY if Gross Wages at (A) are less than $240.00: otherwise, skip to(G))

(C) Enter Total FICA, State and Federal Tax, and Medicare     (C)$_____

(D) Subtract (C) from (A)=     (D)$_____

(E) Enter minimum wage per pay period(45 x 5.15 per wk)     (E)$_____

(F) Subtract (E) from (D)     (F)$_____

(G) Enter Line (B) or if Method II applies, the lesser of (B) or (F)     (G)$_____

(H) Enter child support or other court ordered deduction     (H)$_____

(I) Subtract (H) from (G)     (I)$_____

LINE (B) or (I) IS THE AMOUNT TO BE WITHHELD FROM EMPLOYEE'S PAYCHECK AND NOT DISBURSED UNTIL FURTHER ORDER OF COURT.

4. Are there prior garnishments or other court-ordered withholdings which are presently in effect including, but not limited to, child support and alimony?

Yes ___ No _X_

If the answer is yes, describe below.

_____

5. Do you, the Respondent, have custody, control or possession of any property, other than wages now owed or to be paid in the future, in which the defendant has an interest?

     Yes ___ No _X_ (SEE ATTACHED LETTER)

If yes, please describe below (continue on additional sheets if necessary):

_____

6. Other than wages, Respondent anticipates owing to the defendant in the future the following amounts (continue on additional sheets if necessary):

     $0.00 (SEE ATTACHED LETTER)

7. Check and complete the applicable line below if you deny that you hold property subject to this Citation to Discover Assets.

_X_    The Respondent makes the following claim of exemption/election of exemption on the part of Defendant:
     SEE ATTACHED LETTER

_X_    The Respondent has the following objections, defenses, or set-offs to the United States' right to apply Respondent's indebtedness to defendant to the United States' claim:
     SEE ATTACHED LETTER

___    On the date the Respondent was served with the Citation, Respondent was not indebted or under liability to the defendant, and/or the Respondent did not have in his/her/its possession or control any wages, income or other property belonging to the defendant, or in which the defendant has an interest and is not liable as Respondent in this action.

8. The original Answer must be filed with the Clerk of the Court for the Northern District of Illinois located at 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604. The Clerk does not charge a fee for filing the Answer. You may file the Answer in person or by mailing the Answer to the Clerk by first-class mail.

9. The Respondent filed the answer with the Clerk and mailed a copy of this Answer by first-class mail to:

(A) the defendant, William Davis, at 3119 E. HEBRON LN.,

SHEPHERDSVILLE, KY 40165 ; and

(B) the attorney for the United States, Joseph A. Stewart, Assistant United States Attorney, 219 South Dearborn Street, 5th Floor, Chicago, Illinois 60604 - Attention: Financial Litigation Unit.

### VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of JUNE 2005.

*Michael B. Weinstein*
MICHAEL B. WEINSTEIN
ASSOCIATE GENERAL COUNSEL, IMRF
(Please print and sign name.)



# Illinois Municipal Retirement Fund

Suite 500  2211 York Road  Oak Brook IL 60523-2337

Service Representatives 1-800-ASK-IMRF (1-800-275-4673)

www.imrf.org

June 17, 2005

Joseph A. Stewart, Esq.
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604

Re: *United States of America v. William Davis,*
Docket No. 02 CR 579-1 (United States District Court, Northern District of Illinois, Eastern Division)

Dear Mr. Stewart:

In further response to the Third Party Citation to Discover Assets ("Citation") that was recently received by IMRF with regard to the above-noted proceeding, please be advised that Mr. Davis' pension has been terminated, pursuant to the felony forfeiture provisions contained in 40 ILCS 5/7-219 (West 2004).

We advised Mr. Davis of our Administrative Staff Determination in a letter dated June 16, 2005. (See attachment) In view of this determination, please be advised that our answers to Question 5 and 6 of the Citation have been amended to read "No" and "$0.00", respectively.

Please feel free to contact me should you have any additional questions concerning this matter.

Very truly yours,

*Michael B. Weinstein*

Michael B. Weinstein
Associate General Counsel

Enclosure

cc:  Clay E. Gogins, Legal Assistant
     William Davis



# Illinois Municipal Retirement Fund

Suite 500  2211 York Road  Oak Brook IL 60523-2337
Service Representatives 1-800-ASK-IMRF (1-800-275-4673)
www.imrf.org

COPY

**CERTIFIED MAIL—RETURN RECEIPT REQUESTED**

June 16, 2005

William I. Davis
3119 E. Hebron Lane
Shepherdsville, KY 40165

**Re:** *William I. Davis, MID DAW-4950L, IMRF Annuitant*

Dear Mr. Davis:

The Illinois Pension Code [40 ILCS 5/7-219 (West 2004)] provides that no IMRF benefits may be paid to, or on behalf of, any person who is convicted of a felony "relating to or arising out of or in connection with" his/her service as an IMRF participating employee. According to our records, on January 14, 2003, you were sentenced on a felony conviction "relating to or arising out of or in connection with" your employment with the City of Harvey, Illinois. This means that you are ineligible to receive any additional pension, or any other benefit, based upon your IMRF service. Furthermore, your pension benefits should have ceased as of the date of your sentencing.

Normally, the only payment IMRF could now make to you or your beneficiary would be a refund of your contributions. Our records reveal that you made employee contributions totaling $28,293.88. However, Section 7-217(c) of the Illinois Pension Code [40 ILCS 5/7-217(c) (West 2004)] provides that:

> The board may retain out of any annuity or benefit payable to any person such amount or amounts as the board may determine are owing to the fund because required employee contributions were not made, in whole or in part, or employee obligations to return refunds were not made, or because money was paid to any annuitant or employee through misrepresentation, fraud or error.

Since January 14, 2003, you received pension benefit payments totaling $36,587.84. Since these overpayments more than offset your employee contributions, no refund of your contributions will be made and your June 1, 2005 payment will have been your last benefit payment. Moreover, after offsetting your member contributions, there remains an overpayment of $8,293.96.

This administrative staff determination regarding your continued eligibility for IMRF benefits, as well as the determination that an overpayment exists with regard to your

benefits, may be appealed to the IMRF Board of Trustees. Your appeal must be in writing but may be in any format and need merely inform IMRF of your desire for a hearing. Please let me know, as soon as possible, but in any event, no later than ninety (90) days from the date of this letter, if you wish to pursue an appeal to our Board of Trustees.

If you do not plan to appeal this staff decision, please submit a check, made payable to IMRF, for $8,293.96 within the next ninety (90) days. IMRF is prepared to pursue the recovery of this statutory overpayment if we do not receive your check or your request for an appeal, or if your appeal is denied.

Please do not hesitate to contact me if you have questions about your contributions or our appeal procedures.

Very truly yours,

*Michael B. Weinstein*

Michael B. Weinstein
Associate General Counsel

cc: Louis Kosiba, Executive Director, IMRF
Kathy O'Brien, General Counsel, IMRF
Tom Raitt, Benefits Manager, IMRF
Patricia Zielinski, Treasury Supervisor, IMRF